IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK OLSON,

                      OPINION AND ORDER

                Plaintiff,

                      15-cv-375-bbc

     v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is an appeal of an administrative decision denying plaintiff Mark Olson's claim under the Social Security Act, 42 U.S.C. § 405(g), for supplemental security income. The administrative law judge, Thomas Springer, found that plaintiff suffered from severe impairments in the form of borderline intellectual functioning and personality disorder. However, the administrative law judge denied plaintiff's claim because he found that plaintiff could perform his past work as a cheese factory laborer and could perform other jobs such as janitor or dishwasher.

      I understand plaintiff to be arguing that the administrative decision should be reversed and remanded because the administrative law judge failed to adequately explain three things: (1) his assessment of plaintiff's mental limitations regarding concentration, persistence and pace; (2) the extent to which plaintiff's obesity limited plaintiff's abilities; and (3) the reason for not adopting a psychologist's finding that plaintiff may need close

supervision. Because I agree with plaintiff's third argument, I am remanding the case for additional consideration on that issue.

OPINION

Michael Jan Nelson is a psychologist who evaluated plaintiff in 2007. In his report, Nelson made a number of conclusions and recommendations, one of which was that "relatively close supervision may . . . be necessary" in any job plaintiff has because of his "impulse control issues." AR 360. Plaintiff says that the administrative law judge's decision must be reversed and remanded because he did not discuss Nelson's recommendation, much less explain why he was not including it as one of plaintiff's limitations. It matters, plaintiff says, because an individual may be disabled if he can work only under "special conditions." 20 C.F.R. § 404.1573(c) ("If your work is done under special conditions, we may find that it does not show that you have the ability to do substantial gainful activity."). He cites Nazzaro v. Callahan, 978 F. Supp. 452 (W.D.N.Y. 1997), for the view that heightened supervision may qualify as a special condition.

In response, the commissioner does not challenge plaintiff's argument that the administrative law judge was required to consider Nelson's conclusions because Nelson qualifies as a "medical source" under SSR 96-8p. Further, the commissioner does not argue that Nelson's conclusion regarding close supervision was too tentative to require consideration by the administrative law judge; that plaintiff has failed to show any connection between his medical impairments and any lack of impulse control; or that a need

2

for extra supervision cannot render a person unable to work, either generally or with respect to plaintiff's job in the cheese factory. Accordingly, I do not consider any of those issues. Instead, the commissioner argues that the administrative law judge gave adequate consideration to Nelson's report.

The commissioner's argument is not persuasive. The administrative law judge noted that plaintiff had been psychologically evaluated three times, including in 2007. AR 32. The administrative law judge summarized those evaluations collectively as indicating that plaintiff has "some difficulty with attention, concentration, stress and change and issues with regard to interacting with others" but that he "remains capable of understand[ing], remembering and following through with simple instructions." Id. In addition, the administrative law judge stated that he gave "[s]ome weight" to all of the evaluations but "greater weight" to the most recent evaluation from 2012. However, he said nothing about Nelson's finding on plaintiff's problems with impulse control or need for close supervision. In responding to plaintiff's motion, the commissioner simply ignores this omission. Although there may be strong reasons for rejecting (or disregarding) Nelson's conclusion, the administrative law judge must explain those reasons. Minnick v. Colvin, 775 F.3d 929, 938 (7th Cir. 2015). Accordingly, I am remanding the case to give the administrative law judge an opportunity to do that.

Plaintiff's other objections are that the administrative law judge failed to adequately explain (1) the limitations he found with respect to plaintiff's concentration, persistence and pace; (2) how plaintiff's obesity affected his limitations. However, with respect to these two

3

issues, plaintiff does not point to any evidence that he suffered from greater limitations than those found by the administrative law judge, so these issues are not independent grounds for reversal. Stepp v. Colvin, 795 F.3d 711, 720 (7th Cir. 2015) ("[A]n ALJ's failure to explicitly consider an applicant's obesity is harmless if the applicant did not explain how her obesity hampers her ability to work.") (internal quotations omitted); Rossenbach v. Colvin, No. 13-cv-435-bbc, 2014 WL 1729096, at *2 (W.D. Wis. Apr. 30, 2014) (plaintiff not entitled to reversal because he "does not point to any evidence supporting a view that he suffers from any limitations related to concentration, persistence or pace other than those listed in the administrative law judge's residual functional capacity assessment"). However, on remand, if plaintiff can identify additional evidence in the record on these issues, he is free to ask the administrative law judge to consider that evidence.

ORDER

IT IS ORDERED that plaintiff Mark Olson's motion for summary judgment, dkt. #8, is GRANTED with respect to the issue whether the administrative law judge failed to consider the opinion of psychologist Michael Jan Nelson. The decision denying plaintiff benefits is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g). The

clerk of court is directed to enter judgment in favor of plaintiff and close this case.

Entered this 3d day of March, 2016.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge